IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE EHRHEART, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>-vs-<br><br>VERIZON WIRELESS, and DOES 1 through 10, inclusive,<br><br>        Defendants | Civil Action No. 07-1165 |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

In June of 2007, Plaintiff Nicole Ehrheart ("Ehrheart") received from Defendant Verizon Wireless ("Wireless") an electronically printed receipt which contained the expiration date of one of Ehrheart's credit or debit cards. Ehrheart has brought this action on behalf of herself and all others similarly situated, based upon Verizon's alleged violation of the Fair and Accurate Credit Transaction Act ("FACTA").

Congress enacted FACTA, which amended the Fair Credit Reporting Act ("FCRA"), in part to assist victims of identity theft. See H.R. Rep. No. 108-267 at 66 (2003) (statement of the Committee of the Conference). Consistent with that intent, FACTA amended § 1681c of the FCRA so as to preclude a person that accepts credit cards or debit cards for the transaction of business, from printing more than the last 5 digits of the card numbers or the expiration date, upon any electronically printed receipt provided to the cardholder at the point of sale. See 15 U.S.C. § 1681c(g)(1). Although enacted in 2003, FACTA provided merchants up to a three-year

grace period within which to comply.

Ehrheart does not claim that she suffered actual damages. That is, she does not contend that anyone has stolen her identity. Instead, she seeks to hold Verizon liable for "willful noncompliance" with FACTA and demands a corresponding statutory award of damages pursuant to § 1681n.[1]

Verizon has filed a Motion to Dismiss. See Docket No. [14]. According to Verizon, Ehrheart has failed to adequately plead that Verizon's alleged FACTA violation was willful. At most, Verizon urges, the allegations in the Complaint suggest that it was negligent in failing to comply. Ehrheart responds that she can prove willfulness under FACTA by objectively demonstrating that Verizon recklessly failed to comply with FACTA's truncation requirements.

After careful consideration, and for the reasons set forth below, the Motion is denied.

## STANDARD OF REVIEW

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, I must construe all allegations of the complaint in the light most favorable to the plaintiff. I must also accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003).

---

[1] Section 1681n provides that "[a]ny person who wilfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure **OR** damages of no less than $100 and not more than $1,000." 15 U.S.C. section 1681n(a) (emphasis added).

2

However, as the Supreme Court made clear in Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

ANALYSIS

The narrow issue before me is whether the Complaint satisfactorily alleges, in light of Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007), that Verizon willfully failed to comply with § 1681c(g). I find that it does. To have been "willful," Verizon's failure to comply with FACTA must have been either knowing or reckless. See Safeco Ins. Co. Of Am. v. Burr, __ U.S. __, 127 S. Ct. 2201, 2208-10 (2007). The Complaint alleges that FACTA was enacted in 2003. The Complaint also alleges that Verizon knew or should have known of FACTA and the truncation requirements based upon industry knowledge and actual knowledge. Ehrheart explains that Verizon contracted with Visa and that Visa issued to its merchants a manual referencing FACTA's requirements. Further, the Complaint contains allegations that, because of its contract with Visa, Verizon was contractually obligated to comply with FACTA's truncation requirements. Further, the Complaint alleges that many press conferences were held regarding FACTA, that the Federal Trade Commission issued a business alert regarding the requirements. Additionally, Ehrheart contends that Verizon's peers and competitors timely programmed their card machines to comply

with FACTA. Finally, the Complaint alleges that, despite being aware of FACTA's requirements, and having three years to comply with those requirements, Verizon failed to do so.

In light of these contentions, I find that the Complaint sufficiently alleges that Verizon's violation of FACTA was either knowing and reckless. Accordingly, I find that the Complaint satisfies the Twombly standard for plausibly alleging that Verizon's violation of FACTA was willful. See Ehrheart v. Lifetime Brands, Inc., 498 F. Supp.2d 753 (E.D. Pa. 2007) (finding customer sufficiently alleged that retailer's violation of FACTA was willful); Iosello v. Leiblys, Inc., 502 F. Supp.2d 782 (N.D. Ill. 2007) (same); Follman v. Hospitality Plus of Carpentersville, Inc., Civ. No. 7-2934, 2007 WL 3052962 (N.D. Ill. Oct. 17, 2007). The Motion to Dismiss is denied.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER OF COURT

AND NOW, this **11th** day of December, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. [14]) is DENIED.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

4