IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE EHRHEART, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS, and DOES 1 through 10, inclusive,<br>    Defendants.<br><br>JOHN J. GARLAND, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, and DOES 1 through 10, inclusive, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>    DEFENDANTS. | Civil Action No. 2:07-cv-01165 |

AMBROSE, Chief District Judge

## OPINION
## and
## ORDER OF COURT

These consolidated class actions arise out of alleged violations of the expiration date truncation provisions of the Fair and Accurate Transactions Act ("FACTA"). Plaintiffs contend that Defendant Verizon Wireless ("Verizon") violated FACTA by willfully failing to remove expiration dates from credit card receipts. Through Court ordered mediation, the parties reached a tentative class wide settlement of the litigation.

By Order of Court dated April 24, 2008, I gave preliminary approval of the Settlement Agreement. See Docket No. [35]. The Settlement Class consists of:

> All persons who received electronically printed receipts displaying an expiration date from Verizon Wireless at the point of sale or transactions in a Verizon Wireless Communications store, in a transaction occurring between December 4, 2006 and April 21, 2008, where payment was made with a debit card and authorized by a

personal identification number.

See Docket No. 32-2, ¶ 1.2. The parties also agreed that neither the Plaintiffs nor any putative class member had suffered any actual monetary damages as a result of the alleged FACTA violations. See Docket No. 33, p. 4. A hearing on Final Approval of the proposed Settlement Agreement was scheduled for August 27, 2008.

Verizon has filed a Motion to Vacate Preliminary Approval Order and to Schedule a Case Management Conference. See Docket No. [36]. Verizon's Motion is based upon the passage of the Credit and Debit Card Receipt Clarification Act of 2007, 122 Stat 1565. This act, which was signed into law on June 3, 2008, provides that:

> any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2006 and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.

See Credit and Debit Card Receipt Clarification Act, § 3(d). Congress explained that the purpose of the Act was to ensure that "consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." Id., § 2(b).

Significantly, Congress made clear that the Act "shall apply to any action, other than an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act." Id., § b. This litigation is not final. I have not given final approval of the Proposed Settlement Agreement. The parties explicitly agreed that the Settlement Agreement would be deemed null and void *ab initio* if the Court did not execute and file the Order granting final approval of the Settlement.

Verizon contends that the passage of the Act not only precludes me from granting final

approval of the Settlement Agreement, but requires that I vacate my Order granting preliminary approval. I agree. Plaintiffs' causes of action have been statutorily eliminated. Unlike the cases proffered by Plaintiffs, the elimination of their claims has come <u>before</u> final settlement was achieved. I cannot proceed under Federal Rule of Civil Procedure 23 in such a manner as to find that the proposed settlement is "fair, adequate and reasonable" when the statutory basis for the claims has been eliminated.

Plaintiffs argue that Verizon simply took a risk in negotiating the Settlement Agreement during the pendency of the legislation and should be bound by the Agreement. Had the final settlement hearing occurred before passage of the Act, I would be inclined to agree with Plaintiffs. Yet settlement is not final. The Court in a class action case has an independent duty to scrutinize proposed class action settlements. I must ensure that the settlement is fair, adequate and reasonable. I have not yet discharged this duty. As the Tenth Circuit Court observed in <u>Biodiversity Associates v. Cables</u>, 357 F.3d 1152, 1169-70 (10th Cir. 2004), a court's obligation is to further statutory objectives. "If the statute changes, the parties' rights change, and enforcement of their agreement must also change." Congress explicitly eliminated Plaintiffs' claims prior to a final settlement being rendered. Consequently, I will grant the Motion to Vacate Preliminary Approval Order and schedule a Case Management Conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE EHRHEART, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS, and DOES 1 through 10, inclusive,<br>    Defendants.<br><br>JOHN J. GARLAND, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, and DOES 1 through 10, inclusive, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>    DEFENDANTS. | Civil Action No. 2:07-cv-01165 |

AMBROSE, Chief District Judge

AND NOW, this __13__ day of June, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion to Vacate Preliminary Approval Order and to Schedule Case Management Conference (Docket No. [36] is hereby GRANTED. Accordingly, the Order granting preliminary approval of the Proposed Settlement Agreement (Docket No. [35]) is hereby VACATED. A Case Management Conference is scheduled for Monday, June 23, 2008 at 2:30 pm.

                                            BY THE COURT:

                                      /s/Donetta W. Ambrose
                                        Donetta W. Ambrose,
                                        Chief U.S. District Judge