IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE EHRHEART, individually and on behalf of all others similarly situated<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS, and DOES 1 through 10, inclusive,<br>    Defendants.<br><br>JOHN J. GARLAND, individually and on behalf of all others similarly situated<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, and DOES 1 through 10, inclusive, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7-1165 |

AMBROSE, Chief District Judge

OPINION AND ORDER OF COURT

Defendants have filed a Motion for Judgment On The Pleadings Pursuant To Federal Rule of Civil Procedure 12(c).[1] See Docket No. [39]. The Defendants urge that

---

[1] A Motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standards as is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Stanton v. The County of Allegheny, Civ. No. 7-56, 2008 WL 678704 at * 1 (W.D. Pa. March 12, 2008). That is, a complaint will be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. Stanton, 2008 WL 678704 at * 1, citing, Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (May 21, 2007). Further, I may consider the allegations in the complaint, attached exhibits, matters of public record and factual allegations within documents described or

1

the only claims at issue in this case, which arise out of allegations that the Defendants violated the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 *et seq*. ("FACTA"),[2] have been statutorily eliminated pursuant to the Credit and Debit Card Clarification Act of 2007 § 3(a). That Act provides, in relevant part, that:

> any person who printed an expiration date on any receipt provided to a customer at a point of sale or transaction between December 4, 2004 and [June 3, 2008] but otherwise complied with the requirements of [FACTA] shall not be held in willful noncompliance by reason of printing such expiration date on the receipt.

Id. The Act applies "to any action, other than an action that has become final, that is brought for a violation" of FACTA's truncation requirements, "without regard to whether such action is brought before or after the date of the enactment of this Act." Id., § 3(b).

In opposing the Defendants' Motion, the Plaintiffs do nothing more than incorporate by reference their earlier arguments opposing the Defendants' Motion to Vacate Preliminary Approval Order and in support of their Motion for

---

identified in the complaint. Id. at * 2.

[2]Ehrheart alleges that Defendant violated FACTA by willfully "print[ing] the expiration date of Plaintiff's credit or debit card" on a receipt. See Complaint, Para. 67. Garland alleges the same. See Complaint, Para. 36. Although Garland alleges in the alternative that Defendant printed more than the last five digits of his credit / debit card on his receipt, see Complaint, Para. 36, the actual receipt which Garland attached to his Complaint reveals only the printing of his expiration date, and not the printing of more than the last five digits of his credit / debit card. See Ex. 2. attached to Complaint.

2

Reconsideration.[3] I have already determined, as set forth in my Opinion and Order granting Defendants' Motion to Vacate Preliminary Approval Order (Docket No. 38) and Order denying the Plaintiffs' Motion for Reconsideration (Docket No. 50), that the Plaintiffs' claims have been statutorily eliminated. For the reasons set forth in those Opinions and Orders, I agree with the Defendants that the Plaintiffs' claims have been statutorily eliminated. Accordingly, the Motion for Judgment on the Pleadings is granted.

---

[3] Plaintiffs do attach two Opinions, which are virtually identical in their wording and analysis, authored by Judge Schwab of this Court, in support of their contention that the Credit and Debit Card Clarification Act of 2007 does not extinguish their claims. I simply disagree with Judge Schwab's reasoning.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE EHRHEART, individually and on behalf of all others similarly situated<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS, and DOES 1 through 10, inclusive,<br>    Defendants.<br><br>JOHN J. GARLAND, individually and on behalf of all others similarly situated<br>    Plaintiffs,<br><br>vs.<br><br>VERIZON WIRELESS SERVICES, LLC, and DOES 1 through 10, inclusive, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7-1165 |

AMBROSE, Chief District Judge

## ORDER OF COURT

And Now, this 25th day of September, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Motion for Judgment on the Pleadings (Docket No. [39]) is hereby GRANTED.

                          BY THE COURT:

                          /s/Donetta W. Ambrose
                          Donetta W. Ambrose,
                          Chief U.S. District Judge