IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLE EHRHEART, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 2:07-cv-01165 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| VERIZON WIRELESS, and DOES 1 through 10, inclusive, | ) ) ) | |
| Defendants. | ) ) | |
| JOHN J. GARLAND, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 2:08-cv-00534 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| VERIZON WIRELESS SERVICES, LLC, and DOES 1 through 10, inclusive, | ) ) ) | Chief Judge Donetta W. Ambrose |
| Defendants. | ) ) ) ) | **Electronically Filed** |

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF PLAINTIFFS' INCENTIVE AWARDS**

Plaintiffs hereby move this Court for an award of attorneys' fees, reimbursement of expenses and payment of Plaintiffs' incentive awards. In support thereof, Plaintiffs state as follows:

1. Class Representative John J. Garland originally filed his action on July 27, 2007 in the United States District Court for the Western District of Tennessee, alleging that Verizon Wireless ("Verizon Wireless" or "Defendant") violated the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681 *et seq* ("FACTA"). On August 24, 2007, Class Representative Nichole

Ehrheart filed a parallel action in this Court. (Class Representatives John J. Garland and Class Representative Nichole Ehrheart will hereinafter be referred to, collectively, as "Plaintiffs.")

2. The Complaints alleged that Verizon Wireless violated the truncation requirements of FACTA by providing credit and/or debit card receipts to customers at the point of sale that published more than the last five (5) digits of customer credit/debit card account numbers, and/or credit/debit card expiration dates.

3. Verizon Wireless has at all times denied, and continues to deny, that it has committed any unlawful acts whatsoever or that it has any liability whatsoever to Plaintiffs or the Class.

4. The total aggregate benefit conferred upon the Class as a result of the proposed Settlement is in the range of between $8,702,760.00 and $12,097,864.00.[1]

5. The total lodestar and costs incurred by Counsel for Plaintiffs and the Class are $290,761.50.[2]

6. Pursuant to the terms of the Settlement Agreement, Verizon Wireless has agreed to pay an amount of $207,500.00 in costs and attorneys fees to counsel for Plaintiffs and the Class. The payment of fees and costs was negotiated separately from the class relief, and payment of fees and costs in no way effects the amount of relief to be made available to the class. Because of this fact, the Parties agreement regarding fees and costs is entitled to substantial deference. *In re: Metropolitan Life Insurance Company Sales Practices Litigation*, No. 96-179-MC (W.D. Pa., December 28, 1999)(Ambrose, J.)("*MetLife*").[3]

---

[1] This range is calculated by multiplying the approximate number of transactions at issue – 1,697,552 – by the lowest amount of relief available to an individual class member ($5.00 x 1,697,552), versus the highest relief available to an individual class member ($7.00 x 1,697,552), plus the $7,500.00 in Plaintiff incentive awards, plus counsel fees and costs of $207,500.00.

[2] *See* Declaration of R. Bruce Carlson In Support of Motion for Attorneys' Fees, Costs and Plaintiffs' Incentive Awards attached as Exhibit 1.

[3] A copy of the *MetLife* Findings and Conclusions is attached as Exhibit 2.

7. As set forth more fully in the accompanying Memorandum of Law, Plaintiffs are applying for fees and costs in the amount of $207,500.00, consistent with the specific terms of the Settlement Agreement. The requested fees and costs of $207,500.00 represents a percentage of the total aggregate value of the settlement of between 1.7% and 2.4%. This percentage is reasonable and appropriate under all of the factors discussed in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

8. Plaintiffs are also applying for reasonable and appropriate incentive payments of $2,500.00 to Nichole Ehrheart and $5,000.00 to John J. Garland in recognition of their efforts on behalf of the Class. Verizon Wireless has agreed to make this payment as is set forth in the Settlement Agreement.

WHEREFORE, Plaintiffs respectfully request that they be awarded reasonable attorneys' fees and costs in an amount of $207,500.00 consistent with the specific terms of the Settlement Agreement plus incentive payments of $2,500.00 and $5,000.00.

*Granted*
*Donetta W. Ambrose*
*2/10/11*